# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON GRANT HUNWARDSEN,<br><br>    Petitioner,<br><br>    v.<br><br>CLARK DUCART,<br><br>    Respondent. | Case No. 1:16-cv-00935-EPG-HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(ECF No. 17) |

    Petitioner Jason Grant Hunwardsen is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to the jurisdiction of the United States Magistrate Judge. (ECF Nos. 11, 14).

    As the claims raised in the instant petition either are unexhausted or fail to state a cognizable federal claim, the Court finds granting Respondent's motion to dismiss and dismissing the petition without prejudice is warranted.

## I.

## BACKGROUND

    In 2013, Petitioner was convicted by a jury in the Merced County Superior Court of inflicting corporal injury upon a cohabitant and making criminal threats. The jury also found true enhancements for infliction of great bodily injury and use of a deadly weapon. Petitioner

1

admitted the prior conviction and prior prison allegations, and was sentenced to an imprisonment term of twenty-six years and four months. People v. Hunwardsen, No. F068675, 2015 WL 5943471, at *1, 4 (Cal. Ct. App. Oct. 13, 2015). On October 13, 2015, the California Court of Appeal, Fifth Appellate District affirmed the judgment. Id. at *14. The California Court of Appeal denied the petition for rehearing, and the California Supreme Court denied the petition for review. (LDs[1] 6, 8).

On June 21, 2016, Petitioner filed the instant federal petition for writ of habeas corpus in the United States District Court for the Northern District of California. (ECF No. 1). On June 27, 2016, the petition was transferred to this Court. (ECF No. 4). On October 3, 2016, Respondent filed a motion to dismiss, arguing that five of Petitioner's six claims were unexhausted and the sole exhausted claim was not cognizable in federal habeas. (ECF No. 17). In his opposition, Petitioner appears to acknowledge that five of his six claims are unexhausted and requests the Court to hold the petition in abeyance pending resolution of the unexhausted claims in state court. (ECF No. 23).

## II.

## DISCUSSION

### A. Exhaustion

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971). To provide the highest state court the necessary opportunity, the petitioner must "fairly present" the claim with

---

[1] "LD" refers to the documents lodged by Respondent on October 4, 2016. (ECF No. 18).

2

"reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." Duncan, 513 U.S. at 365; Gray v. Netherland, 518 U.S. 152, 162–63 (1996). See also Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008).

In the instant petition, Petitioner raises the following six claims for relief: (1) the trial court's erroneous denial of Petitioner's request for mistrial after the victim testified about his prior incarceration and parole; (2) the erroneous admission of the victim's hospital records; (3) the erroneous admission of Petitioner's prior uncharged violent acts against the victim under California Evidence Code section 1109; (4) ineffective assistance of trial counsel for not moving to redact the tape of the victim's police interview; (5) ineffective assistance of trial counsel for not moving to exclude one of Petitioner's prior acts of domestic violence, which had been dismissed for insufficient evidence; and (6) the trial court and the parties' error in stipulating that the court reporter need not transcribe the court's oral instructions to the jury.

Claims 1, 2, 4, 5, and 6 are unexhausted. Although all six claims were raised on direct appeal to the California Court of Appeal, the only claim presented to the California Supreme Court in the petition for review was claim 3—whether California Evidence Code section 1109 creates a legislative presumption of admissibility of prior uncharged acts of domestic violence. (LDs 1, 7). Petitioner appears to acknowledge that he raises five claims that are unexhausted, and therefore requests the Court to hold the petition in abeyance pending resolution of the unexhausted claims in state court. (ECF No. 23).

Under Rhines v. Weber, "stay and abeyance" is available only in limited circumstances, and only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. 544 U.S. 269, 277–78 (2005). Petitioner asserts that he was not aware that appellate counsel failed to exhaust five of his claims. (Id.). The Ninth Circuit has held that a petitioner's "'impression' that counsel had exhausted an unexhausted claim does not constitute 'good cause' for failure to exhaust that claim." Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008). Accordingly, the Court finds that Petitioner has failed to demonstrate good cause for his failure to exhaust under Rhines and is not entitled to a stay.

Rhines directs that "if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Rhines, 544 U.S. at 278. However, as discussed in section II(B), *infra*, the sole exhausted claim only raises an error of state law, which is not cognizable in federal habeas corpus. Therefore, dismissal of the entire petition is appropriate.

### B. Cognizability of Claim 3 in Federal Habeas

With respect to claim 3, the sole exhausted claim in the petition, Petitioner alleges that the trial court erroneously admitted evidence of Petitioner's prior uncharged violent acts against the victim under California Evidence Code section 1109. (ECF No. 1 at 7). Whether such evidence was incorrectly admitted under the California Evidence Code is an issue of state law, and errors of state law do not warrant federal habeas corpus relief. See Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (citations omitted); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) ("We accept a state court's interpretation of state law, and alleged errors in the application of state law are not cognizable in federal habeas corpus.") (citations omitted). Accordingly, claim 3 of the petition is not cognizable in federal habeas corpus and should be dismissed.

### C. Certificate of Appealability

Having found that Petitioner is not entitled to habeas relief, the Court now turns to the question of whether a certificate of appealability should issue. See Rule 11, Rules Governing Section 2254 Cases. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003).

The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner's federal habeas corpus petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

///

## III.

## ORDER

Accordingly, the Court HEREBY ORDERS that:

1. Respondent's motion to dismiss (ECF No. 17) is GRANTED;
2. The petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE;
3. The Clerk of Court is directed to CLOSE the case; and
4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **March 8, 2017**               /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE